IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN L. MURPHY, *pro se,*

    Defendant/Petitioner,      Case No. 3:07 CR 259
                           3:12 CV 474

  -vs-

UNITED STATES OF AMERICA,        MEMORANDUM OPINION

    Plaintiff/Respondent.

KATZ, J.

  This matter is before the Court on Petitioner Kevin L. Murphy's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was filed on February 27, 2012 (Doc. No. 48) and the Government filed a response on April 27, 2012 (Doc. No. 52).

  The Government has in its response outlined the subject case commencing with the filing on May 2, 2007 of a five-count indictment charging Murphy with crimes involving transportation of a minor interstate for purposes of prostitution. Murphy used his escort service to transport the females, including a juvenile, to collegiate fraternity conventions in Illinois, Michigan and Washington, D.C.

  After initially entering not guilty pleas on all counts, Murphy entered pleas of guilty on all counts on July 2, 2007. No plea agreement was entered into between Murphy and the Government.

  A revised presentence report ("PSR") was submitted under date of October 3, 2007, which indicated that neither party had filed any objections thereto. Murphy faced a maximum term of 10 years on counts 1, 2 and 4 and a mandatory minimum of 5 - 30 years maximum on counts 3 and 5. The PSR calculated his total offense level at 31 and Criminal History at Category I. That

corresponded to a recommended guideline range of 108 - 135 months. Neither Murphy nor his attorney disagreed with those calculations and on October 26, 2007 he was sentenced to 120 months imprisonment with 5 years supervised release as to each count, to be served concurrently.

On appeal to the Sixth Circuit, that body held that by failing to object to the presentence report Murphy had accepted all the factual allegations contained in it. It affirmed this Court's sentence. *United States v. Murphy* 382 Fed.Appx. 460, 2010 WL 2588037 (6th Cir. 2010)(No. 07-4381)(unpublished), *cert denied*, 131 S.Ct. 1581, 179 L.Ed.2d 483 (U.S. Feb 28, 2011)(No. 10-8658).

This motion raises three grounds: (1) trial counsel was ineffective for not securing a written plea agreement; (2) the Court committed plain error by not making sure the defendant had reviewed his presentence report prior to imposing sentence; and (3) two Sentencing Guideline enhancements were improperly placed on his sentence without his knowledge and for the wrong reasons.

The Government beginning at page 3 correctly articulates the basis of obtaining relief under § 2255. Briefly stated here, the Petitioner must show that counsel's performance was deficient and must show prejudice arising from such performance. With respect to the negotiation of a plea agreement, clearly there was none. (See excerpt from the transcript of the plea hearing at page 6 of the Government's response.) Clearly, there was no plea agreement and Petitioner suffered no prejudice as a result therefrom, nor did counsel commit any error. Therefore, this claim of ineffective assistance will be denied.

As for Murphy's assertion that he did not review his presentence report prior to sentencing; see excerpts of the transcript set forth on page 7 of the Government's response. As in every

sentencing hearing, this Court asks a defendant whether he/she has reviewed the presentence report and discussed it with counsel. Clearly, the evidence shows that counsel reviewed the PSR with Murphy prior to the sentencing hearing and this ineffective assistance claim fails as well.

With respect to the assertions as to the improper application of enhancements, the Government has stated the two different sections and addressed the manner in which the Court handled it at the time of sentencing and how it should be addressed at this juncture. Clearly, the Government is correct that Sentencing Guideline § 2B1.3(b)(3), use of a computer, does not apply. However, the three level enhancement under § 2(G1.3(b)(3) does, in fact, apply as asserted by the Government. While Murphy's PSR erred in citing subsection (A) when it should have cited subsection (B), the FBI's investigation revealed that he had advertised the services of females to third parties through a computer internet website "sophisticated ladies"; therefore, the two level enhancement under that section is appropriate and this Court's application of the mis-cited subsection does not alter nor will it alter his adjusted offense level.

Petitioner also asserts that § 2G1.3(b)(2)(A) was improperly applied. The Government has conceded that such enhancement was misapplied because Murphy did not misrepresent his age to the minor; instead he misrepresented the minor's age to third parties for purposes of prostitution.

But the Government asserts that § 2G1.3(b)(2)(B) should, at a re-sentencing hearing, be applied and thus there would be no change to Murphy's adjusted offense range. The commentary to that section, regarding undue influence provides:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior.
>
> In a case in which a participant is a t least 10 years older than the minor, 5there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some

3

>degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

Guideline § 2G1.3(b)(2), Application Note 3(B).

As stated in the Government's response: "In this case, Murphy was *substantially* older than the 10-year difference triggering a rebuttable presumption of undue influence – he was 30 years older than the 15-year old victim." (Italics in original).

This matter will be susceptible to being addressed at a new sentencing hearing. The Court will reserve ruling on this issue until that hearing.

Thus, the Court denies in part and grants in part Murphy's motion under § 2255 and sets re-sentencing hearing for August 13, 2012 at 11:00 a.m. Petitioner Murphy is granted to June 28, 2012 to file memorandum involving § 2G1.3(b)(2)(A). Government is granted to July 12, 2012 to respond.

IT IS SO ORDERED.

  s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE