IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin L. Murphy, *pro se,*

        Defendant/Petitioner,        Case No. 3:07 CR 259

-vs-

                                                  MEMORANDUM OPINION

United States of America,

        Plaintiff/Respondent.

KATZ, J.

Kevin L. Murphy has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 99). The United States has filed a response (Doc. No. 108) and Murphy has filed a reply. (Doc. 109). Upon review, the motion to vacate is denied.

## I. Facts

The United States Court of Appeals for the Sixth Circuit has summarized the facts of this case as follows:

> On May 2, 2007, Murphy was charged in a five-count indictment with transportation of individuals for prostitution and transportation of minors for prostitution, in violation of 18 U.S.C. §§ 2421 and 2423(a). *See* R. 1 at 1–3. Murphy was alleged to have operated an escort service that transported women between Toledo, Ohio, and various destinations in Illinois, Michigan, and Washington, D.C., with the intent that they engage in prostitution. One of these women, A.J., was a minor at the time. After initially pleading not guilty, on July 2, 2007, Murphy pled guilty on all five counts without a negotiated plea agreement in place. *See* R. 29 at 18–19.
>
> At sentencing, the district court applied the minor-inducement enhancement under U.S.S.G. § 2G1.3(b)(3)(A), which applies when the defendant uses a computer or interactive computer service to induce a minor to engage in prohibited sexual conduct, and the misrepresentation enhancement under § 2G1.3(b)(2)(A), which applies when the defendant misrepresents his identity or age to induce a minor to engage in prohibited sexual conduct. The district court determined Murphy's guideline sentencing range to be 108 to 135 months, and sentenced Murphy to 120 months imprisonment followed by a five-year term of supervised

release. *See* R. 31 at 8. Murphy appealed, arguing that the district court's enhancement of his sentence violated his Sixth Amendment right to a trial by jury. Finding no Sixth Amendment violation, this court affirmed. *See United States v. Murphy*, 382 F. App'x 460 (6th Cir. 2010).

Murphy moved *pro se* to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on February 27, 2012, raising three claims. Murphy argued that his trial counsel was ineffective for not securing a written plea agreement, that the district court plainly erred by not ensuring that Murphy had an opportunity to review his presentence report prior to sentencing, and that the sentencing enhancements were improperly imposed without Murphy's knowledge and for the wrong reasons. The government opposed the first two claims in its response. On the third claim, the government agreed that the minor-inducement enhancement under § 2G1.3(b)(3)(A) had been wrongly applied. The government argued, however, that Murphy should have been subject to the third-party-inducement enhancement in subsection (B) of U.S.S.G. § 2G1.3(b)(3)—which requires the inducement of a third party to have sex with a minor rather than the inducement of the minor to engage in sexual acts—instead of subsection (A) of that provision. *See* R. 52 at 12. The government also conceded that because Murphy did not misrepresent his age to the minor, the misrepresentation enhancement under § 2G1.3(b)(2)(A) was misapplied. The government argued that Murphy's sentence should have been enhanced instead under the undue-influence enhancement in § 2G1.3(b)(2)(B). *See* R. 52 at 12–13.

The district court denied Murphy's motion on the first two claims. *See* R. 53 at 2–3. With respect to the enhancement under § 2G1.3(b)(3), the district court agreed that the enhancement under subsection (A) was erroneous, and that the presentence report should have cited the enhancement in subsection (B) instead. *See id.* at 3. With respect to the enhancement under § 2G1.3(b)(2), the district court again agreed that subsection (B) rather than (A) should have been applied, and noted that subsection (b)(2)(B) established a "rebuttable presumption . . . [that the defendant] unduly influenced the minor to engage in prohibited sexual conduct" where as here, the defendant is at least ten years older than the minor. *See United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) (quoting U.S.S.G. § 2G1.3 cmt. n. 3(B)). The district court reserved its final ruling on whether Murphy exerted undue influence until the resentencing hearing. R. 53 at 4.

In June 2012, the district court appointed a new attorney, Bonnie R. Rankin, to represent Murphy. At a hearing on August 27, 2012, Rankin asked the court for access to sealed grand jury transcripts that would aid in rebutting the presumption of undue influence under § 2G1.3(b)(2)(B). Because Rankin was newly appointed to the case, the government agreed, and the district court ordered the government to make the transcripts available for defense counsel's review. At the Government's suggestion, the court also ordered that the transcripts be made available for its own

>in camera review prior to the resentencing hearing. *See* R. 93 at 5–6. Rankin thereafter reviewed the transcripts.
>
>At the resentencing hearing on September 13, 2012, the district court heard testimony from Murphy and defense witness George Cleveland. The court then stated:
>
>>[T]he facts known today were also known five years ago at the original sentencing. When that sentence was imposed, the facts were known, and except for the differing testimony which was offered today by Mr. Murphy, nothing new has come forth. . . . At this time during a resentencing it is totally appropriate to consider all guideline sections which are applicable and apply those which The Court finds should by the facts be so applied. After reading the memoranda filed by the parties and the defendant and the grand jury transcripts which were provided to me by the government, listening to the testimony elicited this morning and reviewing again the current PSR dated August 21, 2012, I find that by a preponderance of the evidence the defendant is appropriately subject to the enhancement sought by the government, pursuant to sections 2G1.3[ (b) (2)(B) ] and [ (b)(3)(B) ] of the guidelines.
>
>R. 94 at 51. The district court determined that Murphy's guideline sentencing range was 108 to 135 months, *see id.* at 52, and imposed a low-end sentence of 108 months imprisonment, to be followed by a five-year term of supervised release, *see id.* at 59.

*United States v. Murphy*, 530 F. App'x 522, 523–25 (6th Cir. 2013). The Sixth Circuit affirmed this Court's judgment. *Id.* at 528.

Murphy filed his current § 2255 motion on September 13, 2013. This Court transferred the motion to the Sixth Circuit as a second or successive § 2255 motion. The Sixth Circuit ruled Murphy's current motion was not second or successive and held that Murphy did not need that court's permission to file the § 2255 motion with this Court.

In his § 2255 motion, Murphy argues that the USSG § 3B1.1(a) enhancement was improperly applied to him because he was not a leader or organizer in the activity. Murphy also

3

asserts that his attorney was ineffective because counsel accepted the findings of his presentence report without challenging the application of the § 3B1.1(a) enhancement.

## II. Discussion

A defendant's base offense level for determining his sentencing guidelines range is increased four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). "The two tests are equivalent, meaning that an upward departure is not appropriate under the 'otherwise extensive' test unless the offense in question was somehow the functional equivalent of a crime involving five or more participants." *United States v. Anthony*, 280 F.3d 694, 699 (6th Cir. 2002).

In his memorandum supporting his § 2255 motion, Murphy argues that the Court misapplied § 3B1.1(a) because the women are considered victims under the sentencing guidelines. Murphy states that USSG § 2G1.1 defines a victim as "a person transported, persuaded, induced, enticed, or coerced to engage in, or travel for the purpose of engaging in, a commercial sex act or prohibited sexual conduct, whether or not the person consented to the commercial sex act or prohibited sexual conduct." Murphy concludes that because the women cannot be considered willing participants, he could not be deemed an organizer or leader of the criminal activity under § 3B1.1(a).

Murphy also states that his attorney was ineffective at his resentencing hearing by simply accepting his presentence report. Murphy asserts that had counsel done her job, she would have seen the four level enhancement under § 3B1.1(a) and would have realized the enhancement did not apply to him. He contends that counsel failed to take the time to research the case before

4

representing him in court.  Murphy states he did not discover the error until after he was resentenced.

When a defendant fails to raise an issue at sentencing or on direct appeal, such as here, that issue is waived.  *Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013).  However, a defendant may pursue waived claims through a collateral attack under § 2255 when he can demonstrate cause and prejudice to excuse his default.  *Id*. at 606.  Ineffective assistance of counsel can constitute cause for a procedural default.  *Id*.  Claims of ineffective assistance of counsel are properly raised in a § 2255 motion.  *Id*.

The two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel.  *Id*.  To establish a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotation marks and citation omitted).

At his change of plea hearing on June 11, 2008 (Doc. No. 29), the Court directed the United States to describe the evidence it intended to present during trial.  The government stated the evidence would show that Murphy, through his escort service, had a relationship with a

number of adult females in the Toledo area, along with one juvenile female. Murphy had an informal relationship and agreement with an individual who had a position of responsibility with the national collegiate fraternity known as Alpha Phi Alpha. The fraternity would periodically hold regional and national conventions in various cities throughout the United States. (Doc. No. 29, p. 14).

Pursuant to this arrangement, Murphy would provide, through his escort service, girls who would dance and strip at these conventions. The conventions would generally last two to four days. The events were always held at hotels within the convention cities. Murphy would also make the fraternity members aware that the females were available for prostitution services. He had an agreement with all of the females which he transported that their fees would be set for certain prostitution acts. Murphy then received money from each of the prostitutes that he had taken to the convention. He would oversee the operation while he and the females were present in the city. Murphy would be responsible for making various arrangements, including obtaining hotel rooms. (Doc. No. 29, p. 14–15).

Following the government's summary of the evidence, the Court asked Murphy whether he heard and understood the government's statements. Murphy replied, "Yes." Murphy also stated that he agreed with the government's summation of the evidence. Murphy stated he did not have "anything" else to add to the government's statements. (Doc. No. 29, p. 18). Murphy testified that he wished to plead guilty to all five counts of the indictment. (Doc. No. 29, p. 19).

The government's summation of the evidence, which Murphy agreed was correct, along with his guilty plea to count four of the indictment, establishes that Murphy, through his escort service, organized and transported six women to Washington D.C. with the intent to engage in

6

prostitution at a fraternity convention. (Doc. 1, Indictment, Count 4). While at the city, Murphy was responsible for making the various arrangements for the women. He also established the prices which the women would charge for their services. These admitted facts satisfy the requirements of § 3B1.1(a). Accordingly, the Court finds that the imposition of the § 3B1.1(a) enhancement was correct.

Murphy's agreement to the underlying facts supporting the § 3B1.1(a) enhancement establishes that his attorney provided effective assistance. To prove a violation of the Sixth Amendment, Murphy is required to show that counsel not only provided deficient representation, but the performance was also prejudicial. *Strickland*, 466 U.S. at 687. Murphy has not met this burden because the § 3B1.1(a) enhancement was supported by the admitted facts and guilty plea to count four of the indictment. Thus, any objection counsel may have made to the enhancement would have been overruled as contrary to the evidence.

### III. Conclusion

Accordingly, Murphy's motion to vacate his sentence under § 2255 is denied. For the reasons set forth above, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

      s/ *David A. Katz*
      DAVID A. KATZ
      U. S. DISTRICT JUDGE